IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

SAMUEL RIVAS CORTES
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910

PLAINTIFF,

v.

Case No: 1:17cv29

FALCON HEATING
& AIR CONDITIONING, INC.
21625 Ashgrove Court
Sterling, Virginia 20166

SERVE: Ali Reza Hosseinian
21625 Ashgrove Court
Sterling, Virginia 20166

And

ALI REZA HOSSEINIAN
21625 Ashgrove Court
Sterling, Virginia 20166

DEFENDANTS

## COMPLAINT

Plaintiff Samuel Rivas Cortes ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Falcon Heating & Air Conditioning, Inc. ("FH&AC") and Ali Reza Hosseinian ("Hosseinian") (together, "Defendants") to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Commonwealth of Virginia and by acting as named plaintiff in this action does hereby affirm his consent to participate as a plaintiff in an action under the FLSA and for all relief requested herein.

2. FH&AC is a corporation formed under the laws of the Commonwealth of Virginia with a primary office location located in Sterling, Virginia.

3. At all times, Hosseinian was the primary owner and officer of FH&AC. In this capacity, Hosseinian was Plaintiff's most senior manager and supervisor, had authority to hire, fire, and discipline Plaintiff, set Plaintiff's weekly schedule, work hours, and work duties, set Plaintiff's rate and method of pay, oversaw FH&AC' maintenance of all employment records relating to Plaintiff, and was generally in charge of all day-to-day operations of FH&AC.

4. At all times relevant to this action, Defendants had gross annual revenues exceeding $500,000.00.

5. At all times, Defendants and their employees, including Plaintiff, used in business operations and work duties materials, products, and tools that originated from outside the Commonwealth of Virginia, traveled across state lines in the performance of employment job duties, and otherwise engaged in interstate commerce such that Defendants qualified as an enterprise within the meaning of the FLSA.

6. At all times relevant to this action both Defendants qualified as Plaintiff's employer under the FLSA and are jointly and severally liable for unpaid wages and all other FLSA damages sought by Plaintiff in this action.

## FACTS

7. Plaintiff was employed by Defendants to perform air conditioning installation and related job duties for the period of about September 2010 through about December 2015.

8. While employed, Plaintiff typically worked the following approximate schedule: 5:30/6:30 AM – 6:00/9:00 PM, Monday through Friday (about 55-60 hours per week).

9. An accurate tracking of Plaintiff's daily and weekly hours is available on Plaintiff's personal logs that were submitted to Defendants and, on information and belief, are in Defendants' sole custody and control with Defendants' secretary Ms. Perez.

10. While employed, Defendants failed to pay Plaintiff any wages for compensable driving job duties for work duties performed driving (either as driver or laborer) from Defendants' place of business to jobsite locations; between jobsite locations; and from the last location back to Defendants' place of business.

11. While employed, Defendants regularly and customarily paid Plaintiff for less hours than he actually worked and reported on his personal logs.

12. While employed, Defendants failed to pay Plaintiff any wages for about five (5) to ten (10) hours per week.

13. For the hours Defendants did pay Plaintiff, Defendants paid Plaintiff straight time at his regular hourly rate and failed, without legal excuse or justification, to pay Plaintiff at the FLSA required time-and-one-half rate for overtime hours worked each week in excess of forty (40).

14. At no time did Defendants ever post any notice at its place of business that the FLSA requires time-and-one-half wages be paid for hours worked over forty (40) per week; that Plaintiff had the right to go to the Department of Labor or to file a lawsuit to recover unpaid

3

overtime wages under the FLSA; or that the FLSA has a strict anti-retaliation provision that would make it illegal for Defendants to retaliate against Plaintiff for asserting rights under the FLSA to recover unpaid overtime wages under the FLSA.

15. Because Defendants failed to post required FLSA notices, Plaintiff did not have knowledge of his FLSA overtime rights until he retained counsel in this matter on October 2016.

16. Because Defendants failed to post required FLSA notices, Plaintiff's claim to recover unpaid overtime wages and damages under the FLSA is equitably tolled to the beginning of his employment period in 2007. *See* 29 C.F.R. § 516.4; *Cruz v. Maypa*, 773 F.3d 138, 146-47 (4th Cir. 2014).

17. For the equitably tolled FLSA recovery period, Defendants now owe Plaintiff unpaid overtime wages (both on-the-clock and off-the-clock) in the amount of about $49,500.00 (about $180.00 in wages owed per week * 275 weeks = $49,500.00)

## CAUSE OF ACTION
### (Violation of Federal Fair Labor Standards Act - Overtime)

18. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

19. As set forth above, Defendants failed to pay Plaintiff at the FLSA required overtime rate of one-and-one-half (1½) times Plaintiff's regularly hourly rate for all overtime worked in excess of forty (40) hours each week.

20. Defendant's failure to pay Plaintiff as required by the FLSA was with actual knowledge of illegality and was therefore willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for all unpaid overtime wages in the amount of $49,500.00 or such other amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable

4

attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

        Respectfully submitted,

        _____
        Gregg C. Greenberg, Bar No. 79610
        Zipin, Amster & Greenberg, LLC
        8757 Georgia Avenue, Suite 400
        Silver Spring, Maryland 20910
        Phone: 301-587-9373
        Fax:    240-839-9142
        Email: ggreenberg@zagfirm.com

        *Counsel for Plaintiff*